```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEAJESS MEDICAL IMAGING, P.C. as assignee
of SLAVIK ABAYEV and the other injured
persons listed in attached rider and
MOSHE D. FULD, P.C.,
                         Plaintiffs,                              03 Civ. 3918 (JES)

         -against-                                                **MEMORANDUM OPINION
                                                                  AND ORDER**
ALLSTATE INSURANCE COMPANY,
                         Defendant.
------------------------------------------------------------X

DEAJESS MEDICAL IMAGING, P.C. as assignee
of GAVRIYEL ABRAMOV and the other injured
persons listed in attached rider and
MOSHE D. FULD, P.C.,
                         Plaintiffs,                              03 Civ. 6640 (JES)

         -against-                                                **MEMORANDUM OPINION
                                                                  AND ORDER**
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
                         Defendant.
------------------------------------------------------------X

BOSTON POST ROAD MEDICAL IMAGING, P.C.
as assignee of AISHA ADAMS and the other injured
persons listed in attached rider and
MOSHE D. FULD, P.C.,
                         Plaintiffs,                              03 Civ. 7389 (JES)

         -against-                                                **MEMORANDUM OPINION
                                                                  AND ORDER**
ALLSTATE INSURANCE COMPANY,
                         Defendant.
------------------------------------------------------------X
```

**SPRIZZO, D.J.:**

Plaintiffs Deajess Medical Imaging, P.C. ("Deajess") and Boston Post Road Medical Imaging, P.C. ("Boston Post Road") and Moshe D. Fuld, P.C.,[1] the attorney for plaintiffs in these actions (together "plaintiffs"), bring the virtually identical above-captioned actions against defendants Allstate Insurance Company ("Allstate") and State Farm Mutual Automobile Insurance Company ("State Farm"), respectively, seeking payment for medical services provided to individuals who had automobile insurance policies issued by defendants and were subsequently injured in accidents involving the use of the vehicles insured by defendants. See 03 Civ. 3918 Compl. ¶¶ 6-13; 03 Civ. 6640 Compl. ¶¶ 6-13; 03 Civ. 7389 Compl. ¶¶ 6-13.[2] Defendants move to dismiss the above-captioned actions, arguing that the Court lacks subject matter jurisdiction over these controversies. Because the Court finds that plaintiffs have improperly invoked the jurisdiction of the Court, the above-captioned actions are dismissed.

## BACKGROUND

The facts in these actions are virtually identical and straightforward: defendants are foreign car insurance companies that insured the individual assignors listed in the above-captioned actions. Compl. ¶¶ 3, 6. These various assignors suffered injuries in unrelated car accidents arising out of the use of vehicles insured by defendants. Compl. ¶ 6. Plaintiffs, New York residents, subsequently rendered medical services to the assignors in exchange for the assignment of their respective no-fault insurance benefits. Compl. ¶¶ 6-9. Despite demands having been made on defendants by plaintiffs for payment of such no-fault benefits, no payment has been made. Compl. ¶¶ 11-12. Defendants instead denied payment on each separate claim for distinct reasons. Plaintiffs then aggregated their claims against the respective insurance

---

[1] Plaintiff Moshe D. Fuld, P.C. demands legal fees. 03 Civ. 3918 Compl. ¶¶ 15-16; 03 Civ. 6640 Compl. ¶¶ 15-16; 03 Civ. 7389 Compl. ¶¶ 15-16.

[2] As the paragraph numbers are identical in all three complaints the Court will cite to only one herein forth.

2

companies, which individually ranged from about $800.00 to approximately $3500.00, see Compl. Rider, thereby increasing the amount in controversy claimed in each action to an amount above the $75,000 threshold established by 28 U.S.C. § 1332, and brought suit in this Court based on diversity jurisdiction.

Defendants now claim that the Court should dismiss these actions pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1332. Defendants collectively make three primary arguments: first, that assignee plaintiffs are not the real parties in interest in these actions for purposes of determining diversity jurisdiction, 03 Civ. 3918 Def.'s Mem. at 9-11; second, that the assignments involved were collusively made and aggregated purely for the purpose of meeting the $75,000 minimum requirement to obtain jurisdiction in this Court, 03 Civ. 3918 Defs.' Mem. at 6, 8, 11; 03 Civ. 6640 Def.'s Aff. at 11-13; and third, that the Court should sever the claims comprising each action and then dismiss the actions on the grounds that each severed claim fails to meet the $75,000 jurisdictional requirement, 03 Civ. 7389 Def.'s Affirmation ¶ 2.

This factual predicate is not without precedent; attorney Moshe D. Fuld, who represents plaintiffs in all three of the above-captioned actions, has brought over thirty cases presenting this issue in this district, resulting in varying conclusions. See Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co., 03 Civ. 3923 (RCC), 2004 WL 1586429, at *1 n.2 (S.D.N.Y. July 15, 2004) (listing nearly thirty such actions). For example, in Preferred Med. Imaging P.C. v. Geico Gen. Ins. Co., Judge Buchwald "disaggregated" the sixty-seven unrelated claims assignee plaintiff had aggregated to reach the jurisdictional minimum amount and then dismissed for lack of subject matter jurisdiction because, once disaggregated, "none of the individual claims satisfies the amount in controversy requirement." 03 Civ. 8726 (NRB), 2004 WL 690735, at *1 (S.D.N.Y.

Mar. 31, 2004); see also Boston Post Road Med. Imaging, P.C., 2004 WL 1586429, at *1-3; Preferred Med. Imaging, P.C. v. Allstate Ins. Co., 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004); Boston Post Road Med. Imaging, P.C. v. Geico Gen. Ins. Co. 03 Civ. 7390 (JCF), 2004 WL 1810572, at *4-5 (S.D.N.Y. Aug. 12, 2004). Judge Scheindlin, in contrast, denied defendant's motion to dismiss when presented with the same scenario, finding that the assignee plaintiff was the real party in interest for purposes of determining diversity jurisdiction, that the assignments made by the injured insured individuals were not collusive assignments, and that aggregation of the claims was permissible. Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co., 03 Civ. 6150 (SAS), 2004 WL 830154, at *2-5 (S.D.N.Y. Apr. 13, 2004); see also Deajess Med. Imaging P.C. v. Allstate Ins. Co., 03 Civ. 3920 (RWS), 2004 WL 1632596, at *3-5 (S.D.N.Y. July 22, 2004) (determining that plaintiff was real party in interest and that assignments were not collusive).

**DISCUSSION**

Under the diversity statute, 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between…citizens of different States." 28 U.S.C. § 1332(a). This statute is to be strictly construed against finding jurisdiction. Healy v. Ratta, 292 U.S. 263, 270 (1934). The party asserting diversity jurisdiction bears the burden of so establishing once it has been challenged. Thomson v. Gaskill, 315 U.S. 442, 446 (1942). While the Court must accept the factual allegations in a complaint to be true on motions to dismiss for lack of subject matter jurisdiction, Serrano v. 900 5th Ave. Corp., 4 F. Supp. 2d 315, 316 (S.D.N.Y. 1998), the Court may refer to evidence outside the pleadings to resolve jurisdictional disputes. See Flores v. S. Peru Copper Corp., 343 F.3d 140, 161 n.30 (2d Cir. 2003).

4

Under the diversity statute it is ordinarily permissible for plaintiffs to aggregate claims in order to satisfy the amount in controversy requirement. See Snyder v. Harris, 394 U.S. 332, 335 (1969). Federal Rule of Civil Procedure 18 governs aggregation, and does not require that the aggregated claims be factually related. See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999). "[C]laims joined under Rule 18 need not be part of the same case or controversy as claims over which the court would have independent original jurisdiction." Id. However, 28 U.S.C. § 1359 makes clear that a "district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Thus, assignments made for the purpose of creating federal jurisdiction are collusive and cannot provide a proper jurisdictional basis. See Airlines Reporting Corp. v. S & N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995).

Turning first to defendants' severance argument, several judges in this district in virtually identical actions severed plaintiffs' aggregated claims for no-fault benefits because they arose from separate, unrelated car accidents and, once severed, dismissed the entire action because no individual claim met the $75,000 jurisdictional requirement. See Deajess Med. Imaging, P.C. v. Travelers Indem. Co., 222 F.R.D. 563, 563-64 (S.D.N.Y. 2004); Boston Post Road Med. Imaging, P.C., 2004 WL 1586429, at *1-3; Preferred Med. Imaging, P.C., 303 F. Supp. 2d at 477; Deajess Med. Imaging, P.C. v. Allstate Ins. Co., 03 Civ. 3916 (LTS), 2004 WL 1920803, at *5 (S.D.N.Y. Aug. 27, 2004); Deajess Med. Imaging, P.C. v. Travelers Prop. Cas. Ins. Co., 03 Civ. 6635 (NRB), Summary Order, at 1 (S.D.N.Y. Mar. 11, 2004); Boston Post Road Med. Imaging, P.C. v. State Farm Mut. Auto. Ins. Co., 03 Civ. 6643 (AKH), Summary Order, at 1 (S.D.N.Y. Mar. 9, 2004). Although severance appears appropriate in cases such as these for the

reasons articulated by Magistrate Judge Francis, see Boston Post Road Med. Imaging, P.C., 2004 WL 1810572, at *4-5, namely because the claims at issue arose out of distinct car accidents, the assigned claims were denied for varying reasons and thus different provisions of the insurance policies will be relevant to different claims, and the trying of these claims together would prove very cumbersome, this Court does not agree that, once severed, these cases can be dismissed. It is well-settled that "[s]atisfaction of the § 1332(a) diversity requirements…is determined as of the date that suit is filed – the 'time-of-filing' rule. 'Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" Wolde-Meskel, 166 F.3d at 62 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938)). Thus, if this Court were to sever plaintiffs' claims at this point it would merely be an event "occurring subsequent to the institution of a suit which reduce[s] the amount recoverable below the statutory limit" and therefore would not "oust jurisdiction." Id.; see also Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc., 357 F. Supp. 2d 911, 920, 924 (E.D. Va. 2005) (finding plaintiff's aggregation of 150 validly assigned separate and distinct claims against one defendant to be permissible and suggesting that procedural complexities could be resolved through severance).

Nor does this Court find defendants' argument that the assignee plaintiffs are not the real party in interest for purposes of determining diversity jurisdiction to be persuasive for the reasons already articulated by Judge Scheindlin and agreed with by Judge Sweet: in short, assignee plaintiffs here own "the claims in issue and if [they are] not successful in this action, [they] will not be compensated for the services [they] provided. Thus, it cannot be said that [plaintiffs are] suing as [agents] on behalf of the patient-assignors who clearly do not have stake

in this litigation." Boston Post Road Med. Imaging, P.C., 2004 WL 830154, at *2; see also Deajess Med. Imaging, P.C., 2004 WL 1632596, at *4-5.

Additionally, this Court rejects defendants' argument that the assignments given to plaintiffs by the injured insureds were collusively made. Section 1359 prohibits collusive assignments from giving rise to jurisdiction. See 28 U.S.C. § 1359. The section has been interpreted to bar agreements where the "'primary aim' is to concoct federal diversity jurisdiction." Airlines Reporting Corp., 58 F.3d at 862 (quoting O'Brien v. AVCO Corp., 425 F.2d 1030, 1034 (2d Cir. 1969)). The primary aim of the assignments made by the injured insureds to the medical-service-provider plaintiffs in these actions was not to concoct federal diversity jurisdiction. Rather, as Judge Kaplan previously found on similar facts, "[t]he assignments appear to have been for the purpose of enabling [plaintiff] to provide costly medical services to its patients without requiring them to pay out-of-pocket for those services." Deajess Medical Imaging, P.C. v. Allstate Ins. Co., 344 F. Supp. 2d 907, 911 (S.D.N.Y. 2004). This is clearly a legitimate business purpose. The timing of the assignments, which were done at the time treatment was rendered, further supports their legitimacy. There is nothing in the above-captioned actions to suggest that the relevant assignments were made to manufacture diversity jurisdiction and this Court therefore concludes, as have several other judges in this district, that such assignments were not collusive. See Boston Post Road Med. Imaging, P.C., 2004 WL 830154, at *2-3; Deajess Med. Imaging P.C., 2004 WL 1632596, at *5; Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co., 03 Civ. 7388 (DF), 2004 WL 1576536, at *3-4 (S.D.N.Y. July 15, 2004).

This Court nonetheless determines that these actions must be dismissed. Section 1359 states, "[a] district court shall not have jurisdiction of a civil action in which any party, by

assignment *or otherwise, has been improperly* or collusively made or *joined to invoke the jurisdiction of such court.*" 28 U.S.C. § 1359 (emphasis added). It is a well-known "canon of statutory construction that a statute should not be construed to render a word or clause inoperative." United States v. Peterson, 394 F.3d 98, 106 (2d Cir. 2005) (citing Bell v. Reno, 218 F.3d 86, 91 (2d Cir. 2000)). In addition to barring collusive assignments, then, this statute also prevents claims that have been "improperly" joined from giving rise to jurisdiction. See 28 U.S.C. § 1359.

While a party is ordinarily permitted to join as many claims as it has against an opposing party in order to meet the $75,000 amount in controversy requirement for diversity jurisdiction, see Fed. R. Civ. P. 18(a); Snyder, 394 U.S. at 335,[3] the manner in which these particular plaintiffs have joined their numerous, small, unrelated claims is "improper." Plaintiffs are not parties to the actual controversies in these actions, which are disputes over whether individual car crash victims are entitled to insurance coverage. Plaintiffs were not involved in any of the car accidents nor in defendants' decision to deny payment on the claims arising from them. Every defense offered by the insurance companies in these actions will inevitably be aimed at the insureds, not at plaintiffs who merely stand in the shoes of the injured individuals for payment purposes.

In addition, not one of plaintiffs' controversies nears the $75,000 threshold established by § 1332, a point made more problematic when considered in light of the Supreme Court's recent holding that at least one plaintiff must satisfy the amount in controversy requirement

---

[3] But see Charles Alan Wright et al., Federal Practice and Procedure 3D: Jurisdiction § 3704 (3d ed. 1998) ("[T]here is no compelling reason why the plaintiff should be able to sue in a federal court on two or more unrelated small claims that happen to total more than $75,000 when neither claim in itself would be cognizable in a federal court. The economy and convenience of the judicial system certainly are not served, since each of the plaintiff's claims rests on a distinct set of facts and requires separate proof. Nor is the plaintiff's right to adjudicate one of the claims in the federal courts being effectuated inasmuch as all the claims are jurisdictionally insufficient for lack of the required jurisdictional amount in controversy.").

before supplemental jurisdiction can be exercised over other plaintiffs' claims that fail to meet that minimum amount. Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2615 (2005). In Exxon the Court additionally required that the claims for less than $75,000 be related to the claim exceeding that number in order for supplemental jurisdiction to be appropriate. See id. at 2624-25. Plaintiffs' conduct, specifically joining together separate and unrelated controversies as the mechanism by which to wedge their way into a federal forum, should not be countenanced.

In sum, plaintiffs' joining together of numerous, small, unrelated controversies in a deliberate effort to meet the required jurisdictional amount constitutes improper joinder and cannot give rise to jurisdiction. See 28 U.S.C. § 1359; cf. O'Brien v. AVCO Corp., 425 F.2d 1030, 1034, 1036 (2d Cir. 1969) (holding that § 1359 bars agreements where the primary aim is "to vest the court with a jurisdiction it had not formerly enjoyed" and writing that "'[t]here is no proper place in the federal courts for cases in which diversity has thus been deliberately created in order to obtain a federal forum…'") (quoting American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, 118 (1969)). But see Tam v. Lo, 968 F. Supp. 1326, 1328 (N.D. Ill. 1997).

The impropriety of plaintiffs' course of action is accentuated by the fact that, instead of aggregating all claims against the respective defendants in one comprehensive (albeit unwieldy) case, plaintiffs here have created at least thirty such actions in this district to date. For example, plaintiff Boston Post Road has brought six different actions against defendant Allstate in this district thus far, none exceeding $200,000 (indeed, most total just over $100,000). Each case was assigned to a different judge and, while some have since been dismissed, others have not. Plaintiff Deajess has brought seven different actions against defendant Allstate here and these

_____

John E. Sprizzo

United States District Judge

**APPEARANCES**

LAW OFFICE OF MOSHE D. FULD, P.C.

Attorney for Plaintiffs

38 West 32nd St., 7th Fl.

New York, NY 10001

    MOSHE D. FULD, ESQ.

    Of Counsel

PETER C. MERANI, ESQ.

Attorney for Defendant Allstate Insurance Company

421 Seventh Avenue, Suite 1110

New York, NY 10001

    PETER C. MERANI, ESQ.

    Of Counsel

BRUNO, GERBINO & SORIANO, LLP

Attorneys for Defendant State Farm Mutual Automobile Insurance Company

445 Broad Hollow Road, Suite 220

Melville, NY  11747-4712

    VINCENT F. GERBINO, ESQ.

    Of Counsel

McDONNELL & ADELS, P.C.

Attorneys for Defendant Allstate Insurance Company

5 Dakota Drive, Suite 308

Lake Success, NY  11042

    CHRISTINE LINDWALL, ESQ.

    Of Counsel

actions have likewise met dissimilar fates. Compounding this waste of judicial resources is the fact that plaintiffs will continue to have these claims against the insurance companies to which their patients belong for as long as they are in business; thus, the reality of the situation is that plaintiffs can continue to so join their small, unrelated controversies to get to the magical $75,000 number, thereby creating an unlimited amount of these actions in federal court for perpetuity.

To allow plaintiffs to continue flooding federal courts with their patchwork runs contrary not only to the purpose behind the amount in controversy requirement, which is "to ensure that a dispute is sufficiently important to warrant federal-court attention," Exxon, 125 S.Ct. at 2622; see also Snyder, 394 U.S. at 339-40, but additionally to the purpose behind § 1359, which is to prevent the "manufacture of Federal jurisdiction," Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 829 (1969), in an effort to aid "the already over-burdened federal courts." O'Brien, 425 F.2d at 1033-34, 1035. This Court will not allow plaintiffs to so easily circumvent these policy considerations.

## CONCLUSION

For the aforementioned reasons, defendants' motions to dismiss are granted. The Clerk of the Court is hereby directed to close the above-captioned actions.

It is **SO ORDERED**.

DATED: New York, New York
August ___, 2005

_____
John E. Sprizzo
United States District Judge